CLERK OF THE
DISTRICT COURT
KRISTIE LEE BOELTER

2014 SEP  3  AM 8 58

FILED

BY _____

DEPUTY

1  David S. Freedman
   Law Offices of David S. Freedman, P.C.

**FILED**

2  P.O. Box 1157
3  Miles City, Montana 59301

MAR 0 5 2015

   Telephone: (406) 232-5297
4  David@MTLawOffices.com

Clerk, U S District Court
District Of Montana
Billings

   Attorney for Plaintiff
5
6
7                                    CV-15-12-BLG-SPW-CSO
8
9      MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

10  ANDREW P. CATES,                    Cause No. DV D4V  14 - 1269

11          Plaintiff,                  Judge _____ GREGORY R. TODD

12      v.                              **COMPLAINT AND DEMAND FOR
                                        JURY TRIAL**
13  CCA OF TENNESSEE, LLC
                                        120 | 98336
14          Defendant.

15

16      COMES NOW Plaintiff, ANDREW P. CATES, by and through his attorney David S.

17  Freedman of Law Offices of David S. Freedman, P.C., for causes of action against Defendant,

18  CCA OF TENNESSEE, LLC, complains as follows:

19

20                              **1. PARTIES**

21  1.1    Plaintiff, ANDREW P. CATES, was at all times relevant to this matter, a resident of

22  Yellowstone County, Montana.

23  1.2    Defendant, CCA OF TENNESSEE, LLC, is a business organized in the state of Tennessee,

24  with a principal office in Nashville, Tennessee, registered with the state of Montana, owns and

25  operates Crossroads Correctional Facility, a prison located at 50 Crossroads Drive, Shelby,
26

                                        1

Montana.

## 2. JURISDICTION AND VENUE

2.1     This Court has jurisdiction in this matter, and venue is properly situated in Yellowstone

County, pursuant to Sections 25-2-122(b), (c), MCA (2013), because Yellowstone County is the

county in which Plaintiff resides, and the county in which the corporation's resident agent is

located, as required by law.

## 3. FACTS RELAVENT TO ALL CLAIMS

3.1     Beginning in 2009, Plaintiff complained to staff at Crossroads Correctional Facility, a

prison owned and operated by Defendant, of debilitating pain in his right eye.  Defendant's

treatment plan for Plaintiff was a two-week administration of eye drops for glaucoma, in order to

treat what turned out to be a malignant tumor.  Defendant's medical staff ridiculed Plaintiff for

seeking medical attention, telling him that he was faking the obvious pain and discomfort he was

in for purposes of trying to obtain pain medication.  Defendant's failure to promptly treat

Plaintiff's condition directly resulted in Plaintiff's retina being torn in half by the tumor growing

in his right eye.

3.2     Prior to Plaintiff's arrival at Defendant's prison, Plaintiff was tormented by correctional

officers at Montana State Prison (MSP) in Deer Lodge, Montana, at the direction of Correctional

Officer James "Tyson" Lovett.  Lovett is the ex-husband of Plaintiff's current wife.  Lovett

sought to systematically:  harass, discredit and torment Plaintiff during Plaintiff's incarceration

at MSP.  Lovett also stalked Plaintiff's wife hoping that, by defaming Plaintiff by making

untruthful comments to Plaintiff's wife, that he might break up the relationship between Plaintiff

and his wife.  Prison officials, to include Warden Leroy Kirkegard and Major Tom Wood, turned

2

a blind-eye and deaf-ear to the numerous reports made by Plaintiff's wife, to the prison,

concerning Lovett's systematic harassment of both Plaintiff and his wife. The pleas for help

made by Plaintiff's wife to prison officials were responded to with hollow promises that a

thorough investigation would be conducted and that a full response would be provided.

3.4     Lovett's desperate attempts to break Plaintiff and his wife up culminated in Lovett

contacting Plaintiff's wife and imploring her to meet with Lovett for purposes of reviewing

Plaintiff's prison file, which Lovett had purloined from MSP. Lovett purported to Plaintiff's

wife that Lovett had medical information about Plaintiff's cancer spreading that Plaintiff was not

himself privy to. Fearing for her safety, Plaintiff's wife contacted MSP as the incident was

transpiring. MSP did not take the incident seriously until Plaintiff's wife precisely described the

folder she was looking at containing Plaintiff's prison records. Lovett was immediately

apprehended by law enforcement. The following day, Lovett made a menacing call to Plaintiff's

wife chastising her for what she did to get Lovett in trouble with MSP. Neither Plaintiff nor his

wife were contacted about the results of MSP's "investigation" into the incident. As a result of

this incident, employees of Defendant's prison have continued to harass Plaintiff by: denying

medical care to Plaintiff, denying mail to Plaintiff, misappropriating deposits made to Plaintiff's

inmate account, not delivering canteen items to Plaintiff that were debited from Plaintiff's inmate

account, citing Plaintiff for disciplinary violations without cause, making disparaging comments

to Plaintiff while he was receiving limited medical treatment, even as recently as September 1,

2014, all while purporting to be acting at the direction of Lovett.

3.5     Surgery was performed in May or June 2010 by Dr. Mark F. Ozog (Dr. Ozog), an

Ophthalmologist operating Ozog Eye Care & Laser Center, in Great Falls, Montana, in order to

1 | remove the cancerous tumor that had been growing within Plaintiff's right eye.

2 | 3.6     Defendant subsequently failed to follow Dr. Ozog's after-care instructions for Plaintiff,

3 | including but not limited to:  the application of post-surgery medications, regular radiologic

4 | scans, obtaining a prosthetic eye, among others.  Defendant's failure to provide Plaintiff with a

5 | prosthetic eye, as ordered by Dr. Ozog, has caused Plaintiff severe pain and anxiety.

6 |

7 | 3.7     Additionally, since 2009 when Plaintiff was transferred to Defendant's facility,

8 | Defendant has denied Plaintiff regular administration of his prescription for Wellbutrin and/or

9 | other much needed and prescribed mental health medications.  Defendant's stated justification

10 | for failing to regularly provide Wellbutrin to Plaintiff, as prescribed, is that Wellbutrin is a drug

11 | frequently abused by prison inmates.  Defendant's sporadic administration of Plaintiff's much

12 | needed mental health medications has caused Plaintiff debilitating mood swings, as well as other

13 | similarly serious side-effects.

14 |

15 | 3.8     As a result of Defendant's acts and omissions, Plaintiff has:  sustained severe physical

16 | pain and discomfort; sustained mental anguish relating to whether the cancer has spread

17 | throughout his body; needlessly endured debilitating mood swings.

18 | 3.9     On July 15, 2014, after Plaintiff filed a medical malpractice claim, against Defendant,

19 | with the Montana Medical-Legal Panel, Defendant authorized a radiology scan capable of

20 | detecting whether Plaintiff's cancer has spread since Plaintiff's surgery in 2009.  Plaintiff had

21 | been pleading with Defendant for routine testing every three to six months, in accordance with

22 | previous treating physicians' recommendations, due to intense abdominal pain Plaintiff was

23 | experiencing.  The Radiologist reviewing the scan recommended an MRI of Plaintiff's abdomen

24 | and liver because of abnormalities observed.  Defendant refused to provide the recommended

25 |

26 |

4

treatment to Plaintiff.

**4. FIRST CAUSE OF ACTION – NEGLIGENCE**

4.1     The facts stated in part 3 are reallaged and incorporated herein as if fully set forth.

4.2     Defendant owes a duty to Plaintiff to provide reasonable medical care to Plaintiff.

4.3     Defendant has breached its duty by failing to provide reasonable medical care to Plaintiff. Plaintiff has sustained severe physical and emotional injuries as a result of Defendant's breach of the duty it owes to Plaintiff. Defendant's breach of its duty owed to Plaintiff is the proximate cause of Plaintiff's injuries. But for Defendant's breach, Plaintiff would not have experienced severe physical and emotional harm.

**5. SECOND CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

5.1     The facts stated in part 3 are reallaged and incorporated herein as if fully set forth.

5.2     Defendant's negligent administration of reasonable medical care negligently caused Plaintiff emotional distress in the form of severe mental anguish.

5.3     Defendant owed Plaintiff a duty to be responsive to Plaintiff's reasonable medical requests. Defendant breach its duty owed to Plaintiff by failing to provide reasonable medical care to Plaintiff. Defendant's breach resulted in intense physical pain and mental anguish to Plaintiff. Defendant's breach was the proximate cause of the intense physical pain and mental anguish suffered by Plaintiff. But for Defendant's breach of its duty owed to Plaintiff, Plaintiff would not have experienced severe emotional distress.

**6. THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

6.1     The facts stated in part 3 are reallaged and incorporated herein as if fully set forth.

6.2    Defendant intentionally inflicted emotional distress upon Plaintiff by continuing to

intentionally:  bully Plaintiff, denying Plaintiff medical care, withhold medical information from

Plaintiff regarding the current state of his cancer, denying regular mail service to Plaintiff,

misappropriating deposits made to Plaintiff's inmate account, as well as debiting Plaintiff's

account for canteen purchases but not delivering purchased items to Plaintiff.  Plaintiff has also

been subjected to retaliatory discipline without cause.  All of these repeated intentional incidents

have caused Plaintiff severe emotional distress.

## 7. FOURTH CAUSE OF ACTION – NEGLIGENT SUPERVISION

7.1    The facts stated in part 3 are reallaged and incorporated herein as if fully set forth.

7.2    Defendant's failure to reasonably supervise its employees, thereby allowing them to

withhold proper medical attention from Plaintiff, as well as allowing Plaintiff to be

systematically bullied by Defendant's staff, has resulted in severe mental anguish and physical

pain on the part of Plaintiff.

7.3    Defendant owes Plaintiff a duty to ensure that its employees perform their job functions

in a reasonable manner.  Defendant breached its duty owed to Plaintiff by continuing to allow

Defendant's employees to bully Plaintiff and withhold reasonable medical care from Plaintiff, as

well as allowing Plaintiff to be the victim of discipline without cause.  Defendant's breach has

caused severe mental anguish and physical pain on the part of Plaintiff.  The breach of this duty

is the proximate cause of severe mental anguish and physical pain on the part of Plaintiff.  But

for Defendant's breach of its duty, Plaintiff would not have sustained severe mental anguish and

physical pain.

//

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief as follows:

1. Judgment against the Defendant on behalf of Plaintiff.

2. Damages, to be proven at trial and not specifically stated herein pursuant to Section 25-4-311, MCA (2013), based on the following theories:

    a. Compensatory damages, for: physical pain, mental anguish, disfigurement, loss of earnings and earning capacity, physical impairment, future medical expenses, loss of enjoyment of life;

    b. Punitive damages;

3. Attorney and paralegal fees allowable under Sections 25-10-301 et seq., MCA (2013);

4. Court costs allowable under Section 25-10-201, MCA (2013);

5. For any further relief deemed just and proper by the Court and/or jury.

DATED this 2nd day of September, 2014.

Law Offices of David S. Freedman, P.C.

By: _____
David S. Freedman
Attorney at Law