# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ANDREW P. CATES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CCA OF TENNESSEE, LLC,<br><br>　　　　Defendant. | CV 15-12-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

On September 3, 2011, Plaintiff Andrew P. Cates ("Cates") filed this action against Defendant CCA of Tennessee, LLC ("CCA"). The action was properly removed to this Court and referred to the undersigned. *ECF 1, 9.*

The Complaint alleges four causes of action:

> First: Negligence (based on failure to provide reasonable medical care);
> Second: Negligent Infliction of Emotional Distress (based on negligent administrative of reasonable medical care);
> Third: Intentional Infliction of Emotional Distress;
> Fourth: Negligent Supervision.

*ECF No. 4.* CCA moves for summary judgment on all claims. For the reasons discussed below, the Court will recommend that the motion be granted.

-1-

I.  **BACKGROUND**

Cates was incarcerated in CCA's facility in Shelby, Montana, from October 20, 2005 to November 22, 2005; April 4, 2006 to March 20, 2007; November 25, 2009 through June 22, 2010; and from April 17, 2012 until his release in 2015. *ECF No. 13* at 2.

In 2009, Cates began experiencing pain in his right eye. *ECF No. 24* at 13. On June 9, 2010, in Great Falls, Montana, Dr. Mark F. Ozog performed an enucleation surgery on Cates. *ECF No. 13* at 2. This surgery was performed to remove a tumor that was growing in his eye. *ECF No. 24* at 13.

Cates does not seek to hold CCA liable for any alleged acts or omissions occurring more than three years prior to September 3, 2014. *ECF No. 24* at 13; *MCA § 27-2-204*. Thus, the pertinent analysis concerns events occurring after September 3, 2011. Because Cates was not incarcerated at CCA between September 3, 2011 and April 17, 2012, the focus is necessarily on events occurring at CCA after April 17, 2012.

II.  **PARTIES' ARGUMENTS**

CCA makes the following arguments in support of summary judgment: (1) Cates cannot establish medical negligence because he

lacks a medical expert, *ECF No. 21* at 9–12; (2) medical negligence forms the factual basis for all other claims alleged against CCA, and without the medical negligence claim, the other claims fail, *id.* at 12–13; (3) Cates' Intentional Infliction of Emotional Distress claim fails because he did not provide the necessary elements to support the claim to stand on its own, and has not met the high threshold to demonstrate that he suffered serious or severe emotional distress, *id.* at 14–27; and (4) there is no valid basis for Cates' claim of Negligent Supervision because he cannot establish medical negligence, and all other acts or omissions on which Cates tries to base the claim occurred at Montana State Prison, an entity entirely separate from CCA. *Id.* at 27–28.

Cates responds that: (1) he does not need a medical expert witness to establish medical negligence because damages are an issue reserved for the jury; (2) unlike typical medical negligence where there is only one doctor involved, this matter involves several treating physicians and non-medical staff, who should be deemed fact witnesses, and Cates should be allowed to demonstrate CCA's negligence through these fact witnesses; and (3) he does not request judgment for medical malpractice, he only claims negligence, which has different elements.

*ECF No. 23* at 11–21.

Cates argues that his negligent supervision claim was the result of "bullying of Plaintiff and withholding of reasonable medical care from Plaintiff, as well as allowing Plaintiff to be the victim of discipline without cause[.]" *Id.* at 22–23. He argues that his claim for intentional infliction of emotional distress,

> [C]ame in the form of denying Plaintiff the regular administration of his prescription for Wellbutrin and other much needed and prescribed mental health medications, ridiculing Plaintiff for seeking medical treatment for what turned out to be substantiated requests for treatment, as well as systematic bullying and subjecting Plaintiff to discipline without cause.

*Id.* at 23. He argues that he is not currently being affected by CCA's emotional abuse, but that,

> [He] sustained severe physical pain and discomfort; sustained mental anguish relating to whether cancer had spread throughout Plaintiff's body while he was incarcerated at Defendant's prison; needlessly endured debilitating mood swings; and was forced to endure ridicule and being subjected to unjustifiable disciplinary punishment.

*Id.* at 24.

In reply, CCA states that Cates does "not identify, let alone support with evidence, a single issue of material fact." *ECF No. 25* at 3. It argues that Cates only disputes seven of the facts contained in CCA's

Statement of Undisputed Facts *(ECF No. 24)*, but does not provide any evidence to support his disputes. *Id.* It argues that, in citing the deposition of Cates, all other alleged acts and omissions, other than alleged medical negligence, are attributable to persons or entities unrelated to CCA. *Id.* at 3–8.

CCA argues that, based on Cates' deposition, Cates is only claiming emotional distress damages for depression and a lack of confidence caused by the problems with his eye removal and claimed eye pain. *Id.* at 9. It also argues that Cates admitted his claims for medical negligence and negligent infliction of emotional distress are based solely on alleged medical negligence for deviations from a medical standard of care. *Id.* at 11. It argues that based on the plain language of the Complaint and the fact that he filed a claim before the Montana Medical Legal Panel as a prerequisite to this case, his claims cannot be construed as ordinary negligence. *Id.* It argues that an expert is necessary to establish Cates' claims. *Id.* It argues that the appropriate medical treatment for a given condition is precisely the type of question that requires expert testimony. *Id.* at 12. Essentially, CCA argues that Cates did not identify an expert opinion and the use of an undisclosed

treating physician's opinion used to establish medical negligence would be prohibited as it would impermissibly prejudice CCA. *Id.* at 13–14.

Finally, CCA argues that Cates has produced absolutely no evidence of severe emotional distress, and admits that he is not currently being affected by any alleged emotional abuse. *Id.* at 14–15. As a result, CCA argues the complete lack of evidence compels summary judgment. *Id.*

## III. <u>LEGAL STANDARD</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine

if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.* If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. *Id.* at 587 (quotation omitted). In resolving a summary judgment motion, the evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citation omitted).

IV. **DISCUSSION**

    A. **NEGLIGENCE**

To survive a motion for summary judgment in a negligence action in Montana, the plaintiff "must raise genuine issues of material fact with regard to a legal duty on the part of the defendant, breach of that duty, causation, and damages." *Beehler v. E. Radiological Associates, P.C.*, 289 P.3d 131, 136 (Mont. 2012).

When a negligence claim is based on medical malpractice, the plaintiff "must generally produce expert medical testimony establishing the applicable standard of care and a subsequent departure from that standard." *Id.* In developing this rule, the Montana Supreme Court "reasoned that because 'juries composed of laymen are normally incompetent to pass judgment' on questions of whether 'reasonable care' was exercised in undertaking 'work calling for a special skill[,]' there can be 'no finding of negligence in the absence of expert testimony to support it.'" *Brookins v. Mote*, 292 P.3d 347, 362 (Mont.2012) (quoting *Carlson v. Morton*, 745 P.2d 1133, 1137 (Mont.1987)). One exception to this rule provides that expert testimony is not necessary in establishing the standard of care if "the conduct complained of is readily ascertainable by a layperson." *Dalton v. Kalispell Regl. Hosp.*, 846 P.2d 960, 961 (Mont. 1993).

Cates argues that an expert witness is not necessary because he only needs to meet the elements of a simple negligence claim, not the elements necessary in a medical malpractice claim. But this Court disagrees. Cates concedes that his claim is one for medical negligence. *ECF No.* 24. To establish the elements of negligence, Cates must

demonstrate a duty and a corresponding breach of duty. Here, Cates argues that CCA had a duty to provide him with adequate medical care, and breached that duty by failing to follow the instructions from Dr. Ozog after Cates received surgery. *ECF No. 23* at 19–20. This Court, and courts in Montana, have found that "what treatment may be appropriate for a particular medical condition . . . is the quintessential question for which expert witness testimony is required[.]" *Ely v. U.S.*, 2013 WL 5571209, at *4 (D. Mont. Oct. 9, 2013) (quoting *Dalton*, 846 P.2d at 962). It does not matter whether, in this case, Cates labels his claim as "negligence" or "medical malpractice" because the duty element still requires Cates to establish a medical standard of care. This requires an expert.

Cates has also not established that the exception to requiring an expert applies in this case. A layperson cannot readily ascertan, for example, the proper post-enucleation surgery care instructions, and whether CCA's actions dropped below what care would be reasonable. *See Dalton*, 846 P.2d at 961. Introducing fact testimony from Dr. Ozog regarding the specific care instructions he provided to Cates is not sufficient to establish CCA's duty, nor whether CCA breached that

duty. In any event, Cates offers no evidence that Dr. Ozog saw or treated Cates after September 3, 2011, the relevant time period here.

Cates has presented no evidence to establish a genuine issue of material fact as to the appropriate medical standard of care, and whether CCA breached that standard. Cates has the burden to come forward with such evidence, and is unable to do so without expert testimony. He failed to timely disclose any experts. *ECF No. 16*. Accordingly, CCA is entitled to summary judgment, and the Court will recommend that CCA's motion be granted as to the negligence claim.

### B. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Cates' claim for negligent infliction of emotional distress is based on alleged failure by CCA to provide reasonable medical care—and Cates concedes that this claim is based solely on alleged medical negligence for deviations from a medical standard of care. *ECF No. 24 at 2*. As discussed above, Cates is unable to establish a medical standard of care to base any actions or omissions on in determining whether CCA was negligent. The Court finds that Cates has failed to present sufficient evidence from which a reasonable juror would be able to discern the standard of care owed to Cates, and whether CCA's

actions deviated from that standard. As such, Cates has failed to establish a genuine issue of material fact on this claim. Accordingly, the Court will recommend that CCA's motion be granted as to Cates' claim for negligent infliction of emotional distress.

### C. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS & NEGLIGENT SUPERVISION

The Complaint alleges that Cates' intentional infliction of emotional distress claim is based on CCA intentionally continuing to:

> [B]ully Plaintiff, denying Plaintiff medical care, withhold medical information from Plaintiff regarding the current state of his cancer, denying regular mail service to Plaintiff, misappropriating deposits made to Plaintiff's inmate account for canteen purchases but not delivering purchased items to Plaintiff. Plaintiff has also been subject to retaliatory discipline without cause.

*ECF No. 4* at 6. Cates' negligent supervision is alleged to be based on CCA allowing its "employees to bully Plaintiff and withhold reasonable medical care from Plaintiff, as well as allowing Plaintiff to be the victim of discipline without cause." *Id.*

In his deposition, Cates concedes that the actions alleged in the Complaint in paragraphs 3.2 and 3.4 occurred at Montana State Prison, an entity separate from CCA. *ECF No. 22-6* at 10–13. Those paragraphs specifically include all alleged facts beyond those regarding

medical care. Cates provides no evidence to support his contention that these claims are based on more than medical negligence; instead he relies solely on the allegations in his pleadings. One primary purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp.*, 477 U.S. at 323–324. As noted by CCA, Cates' deposition demonstrates that the remaining factual basis for these claims, beyond those addressed above regarding medical negligence, are not attributable to CCA, the sole Defendant in this case. Cates has failed to provide any evidence to demonstrate a genuine issue of material fact that he has suffered "serious or severe" emotional distress due to conduct by CCA or its employees. *See Jacobsen v. Allstate Ins. Co.,* 2009 MT 248 ¶¶ 62, 66. Accordingly, the Court will recommend that CCA's motion be granted as to Cates' intentional infliction of emotional distress and negligent supervision claims.

## V. CONCLUSION

IT IS RECOMMENDED that CCA's Motion for Summary Judgment (*ECF No. 20*) be GRANTED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of United States

Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived. *See Local Rule 72.3*.

DATED this 19th day of July, 2016.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge